Filed 11/22/24  B.J. v. Superior Court CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| B.J. et al., | B340343 |
| Petitioners, | Los Angeles County Super. Ct. No. 23CCJP03945A |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Cristina Gutierrez Legaspi, Judge.  Petition denied.

Law Office of Jolene Metzger, Los Angeles Dependency Lawyers, Inc., Dominika Campbell and Jason Steinberg for Petitioner B.J.

The Law Office of Emily Berger, Los Angeles Dependency Lawyers, Inc. and Nicole J. Johnson for G.C. as Joinder on behalf of Petitioner.

No appearance for Respondent.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Sr., Deputy County Counsel, for Real Party in Interest.

Children's Law Center, Sarah Liebowitz, for Minor Ky.C.

\* \* \* \* \* \*

B.J. (mother) and G.C. (father) are the parents of one-year-old Ky.C. Mother challenges the juvenile court's jurisdictional findings against her. The court found mother caused the death of Ky.C.'s sibling Ka.C., who was born two years before Ky.C. and died at three or four months of age, due to traumatic injuries. Mother also challenges the court's orders bypassing reunification services for her under Welfare and Institutions Code[1] section 361.5, subdivision (b)(4) and setting a section 366.26 hearing to determine a permanent plan for Ky.C. The petition is denied.

## DISCUSSION

Mother challenges the sufficiency of the evidence to support several of the juvenile court's findings. " ' " 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence[,] contradicted or uncontradicted[,] which

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

will support the finding of fact.' " ' " (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 511–512; see also *In re I.J.* (2013) 56 Cal.4th 766, 773.) " ' "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." ' " (*I.J.*, at p. 773.)

" '[I]t is presumed that the evidence is sufficient to support [the trier of fact's] factual findings, and it is the appellant's burden to demonstrate that it does not . . . . And in furtherance of that burden, the appellant must fairly summarize the facts in the light favorable to the judgment.' " (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598.)

***Jurisdiction***.  Mother's petition is inadequate to challenge the juvenile court's exercise of jurisdiction.  Mother acknowledges that " '[a] jurisdictional finding involving one parent is "good against both.  More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent." ' " (Quoting *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492, overruled in part by *In re D.P.* (2023) 14 Cal.5th 266, 283.)  The court made jurisdictional findings against both mother and father.  Father joins in this petition by mother but does not challenge the jurisdictional findings against him.

We consider those jurisdictional findings which also supported the other orders mother challenges in connection with our review of those orders.  (Cf. *In re D.P.*, *supra,* 14 Cal.5th at p. 283 ["where a jurisdictional finding 'serves as the basis for dispositional orders that are also challenged on appeal' [citation],

3

the appeal is not moot"].)  For the same reasons we find substantial evidence supports the orders denying reunification services and setting the section 366.26 hearing, discussed below, substantial evidence supports the jurisdictional findings against mother.

*Denial of reunification services and setting of section 366.26 hearing.*  Mother acknowledges the standard of review is whether there is substantial evidence from which a reasonable fact finder could have found it highly probable that mother caused Ka.C.'s death.  Yet mother asks us, in derogation of the controlling standard of review, to reweigh the evidence. According to mother, the evidence does not support the conclusion that she was a cause, whether through abuse or neglect, of Ka.C.'s death.  She argues there is insufficient evidence she was aware Ka.C. was being abused before his death, there was evidence from which a contrary conclusion might be drawn, and the evidence shows she was not present for the events that directly caused his death—a brain bleed which supposedly developed while father "watched and burped" Ka.C. and mother "was in the bathroom."  Mother fails to show error.

Ka.C. was in his parents' joint care throughout his short life.  Based on uncontradicted evidence, the juvenile court found that when the ambulance delivered Ka.C. to the hospital in response to mother's 911 call shortly before his death, he had multiple severe injuries, including to his brain, arms, and ribs. These injuries were in various states of healing, meaning that they occurred over a period of time and not all within the period immediately preceding his death when mother was supposedly in the bathroom while father was watching him.  Among those which were already in the healing stage were two fractured ribs,

4

a fractured left femur, and a fractured right humerus. Ka.C. was also underweight and malnourished, and had a bruise on his ear. At death, his weight was below the 0.1 percentile for his age. Ka.C. suffered a multiple cardiac arrest and died shortly after his hospital admission.

Dr. Corey Rood provided expert testimony and a written report on Ka.C.'s condition at death. He noted 18 distinct injuries that "clearly occurred on more than one occasion." They were "consistent with child physical abuse and neglect [occurring] on multiple occasions since birth and culminated in abusive head trauma that directly caused his death." Ka.C.'s healing rib fractures could not have been sustained in the course of routine care, or have been self-inflicted, or have been caused by any of the accidents to which parents attributed them. He made similar findings as to Ka.C.'s other healing fractures and bruising to his ear.

Dr. Rood further explained how these injuries would necessarily have been evident to his caregivers. "A fracture of the rib inevitably will irritate, stab or even injure [the] nerve [running along the underside of the rib] causing significant irritation and pain. [Ka.C.] would have manifested these pain and discomfort symptoms with increased fussiness, difficulty breathing, difficulty feeding, and crying in pain when tightly swaddled, dressed, burped, picked up, or bounced." Fractures to his extremities would likewise have been "quite painful" and caused Ka.C. to immobilize them until they began to heal. A caregiver moving the fractured extremity would have caused him to "cry out" during "bathing, dressing, swaddling, burping, and even when being picked up and moved. A caregiver would have noted the quite overt differences in extremity movement from

5

side to side comparison or from previously normal activity." The bruising on his ear also "would have been overtly noticeable to caregivers," much as his "regular caregivers would have noticed that he was extremely small for his age and was not gaining normal weight."

The juvenile court credited Dr. Rood's testimony "refut[ing] any questions regarding noticeability and [whether] a child of that age [would] exhibit pain, exhibit discomfort, etc." Dr. Rood, the court found, "was very credible as the expert." Based on Dr. Rood's report, testimony, and the evidence that both parents cared for the child together, the court concluded both mother and father caused Ka.C.'s death, whether by inflicting his injuries or by negligently failing to prevent them.

The above-recited substantial evidence is sufficient to support the court's findings and orders. *Patricia O. v. Superior Court* (1999) 69 Cal.App.4th 933 is instructive. There, like here, a mother disputed culpability for the death of her child at the hands of her partner. The court said her dispute "border[ed] on frivolous" where there was evidence to support the conclusion the mother was aware of ongoing child abuse by the partner prior to the fatal incident. (*Id.* at p. 942.) Like here, there was "expert evidence indicat[ing] [the child]'s chronic injuries would have caused symptoms and pain which would have been obvious." (*Ibid.*) There was also evidence a sibling reported telling the mother about the abuse and the mother had witnessed abuse of the sibling. (*Ibid.*) Mother contends this additional evidence (as well as purportedly conflicting evidence in the record) is distinguishing. She again misapprehends substantial evidence review. "If there is substantial evidence which supports the disputed finding, the judgment will be upheld even though

6

substantial evidence to the contrary also exists and the trier of fact might have reached a different conclusion had it believed other evidence." (*Lobo v. Tamco* (2014) 230 Cal.App.4th 438, 442.)

Mother does not contend that, if we find substantial evidence supports the juvenile court's orders denying reunification services and setting the section 366.26 hearing, we should find the juvenile court abused its discretion in making those orders. We find no abuse of discretion.

## DISPOSITION

The petition is denied. This opinion is final forthwith as to this court pursuant to California Rules of Court, rule 8.490(b)(2)(A).

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

VIRAMONTES, J.

7